## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BERLIN J. THEODORE,
               Appellant,

       v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBER
PH-0752-16-0303-I-1

DATE: August 4, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Berlin J. Theodore, Abington, Pennsylvania, pro se.

Zlatko Jurisic, Esquire, Fort Belvoir, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a Supply Systems Analyst, GS-2003-14, at the Defense Logistics Agency in Philadelphia, Pennsylvania.  Initial Appeal File (IAF), Tab 5 at 15.  The agency removed him from Federal service based on two charges: (1) absence without leave (AWOL); and (2) unprofessional conduct.  *Id.* at 83-88, 95-98.

The first charge pertained to the appellant's January 4, 2016 request for 140 hours of leave for the period from January 25 through February 26, 2016, which comprised 40 hours of annual leave; 40 hours of sick leave; and 60 hours of leave without pay (LWOP).  *Id.* at 39, 63, 83.  The appellant failed to respond adequately to multiple requests from his immediate supervisor to provide a reason for the extended period of leave and to submit medical documentation supporting the requested sick leave.  *Id.* at 36-39, 83-85.  Instead, the appellant told his supervisor by telephone that he was not comfortable discussing personal matters with her "due to the toxic nature of [their] relationship," and that he would take LWOP for the entire period he requested if she would not grant his leave request. *Id.* at 37.  The appellant opined that his supervisor was harassing him and abusing

her authority, and he stated that he was prepared to discuss issues related to the requested leave, which he asserted fell under the Family and Medical Leave Act of 1993 (FMLA), only with another individual with the authority to resolve the matter. *Id.*

¶4    On January 20, 2016, the appellant submitted a new FMLA leave request for the entire period from January 25 through February 26, 2016. *Id.* at 37, 64. His supervisor replied, acknowledging the appellant's invoking the FMLA, and explaining that the appellant had to provide administratively acceptable medical documentation supporting his request for leave under the FMLA before it could be approved. *Id.* at 36-37. She gave the appellant 15 calendar days from January 21, 2016, in which to provide administratively acceptable medical documentation. *Id.* at 36. She also explained that administratively acceptable medical documentation must include the following: (1) the date the serious health condition commenced; (2) the probable duration of the condition, or a certification that the condition is a chronic or continuing condition with an unknown duration, and if episodic, the likely duration and frequency of the episodes of incapacity; and (3) the appropriate medical facts concerning the condition, including information on incapacitation, examination, or treatment that may be required. *Id.*

¶5    The appellant submitted a completed FMLA certification form (Form WH-380-E) dated January 21, 2016. *Id.* at 66-70. The certification reflected treatment dates in 2009, 2010, 2014, and 2015 for several ailments, and noted that the appellant would be unable to perform his job functions while suffering from such conditions. *Id.* at 67. The certification also noted that the appellant's condition would require follow-up treatment and that episodic flare-ups were possible, making it necessary for him to be absent from work up to three times per week for a duration of 1½ hours per episode. *Id.* at 68. The appellant's absence from work began on January 25, 2016. IAF, Tab 1 at 12, 45, 53, 56, 60.

¶6      On February 4, 2016, the appellant's supervisor responded by email and by letter mailed to the appellant's residence. IAF, Tab 5 at 70-72. She acknowledged receiving the health certification form, but explained that it did not call for the 4 consecutive weeks of FMLA leave that the appellant had requested, and instead supported only periodic leave, as detailed above. *Id.* at 70, 72. However, she provisionally granted the appellant's request for FMLA leave and gave him another 15 days in which to supplement his request with administratively acceptable medical documentation supporting the full 4-week absence he requested. *Id.*

¶7      On March 4, 2016, the supervisor sent the appellant another letter by mail and by email informing him that he would be charged AWOL for the period of his absence from January 25, 2016, until his return to duty because he had not responded to her February 2016 letter. *Id.* at 73-76. On March 7, 2016, the appellant informed his supervisor by telephone that he had received her March 4, 2016 letter and was undergoing additional medical testing. *Id.* at 77. The supervisor's contemporaneous notes reflect that she reiterated to him that his documentation did not support the 4 weeks of FMLA leave that he had requested and that, as a result, he remained in an AWOL status. *Id.* The supervisor's notes state that, when she asked the appellant when he would be returning to work, he simply replied, "I'm invoking FMLA." *Id.* The supervisor again reminded the appellant to submit administratively acceptable documentation supporting his absence, and that he would remain in AWOL status unless he did so. *Id.* He responded by again invoking the FMLA and hanging up the telephone. *Id.*

¶8      The appellant returned to work on March 14, 2016, submitting a March 10, 2016 letter from The Neurology Group that stated that he had been under doctors' care and evaluation since February 29, 2016. *Id.* at 78, 85. The letter further declared that the appellant was to avoid "stressful situations or stressful environment[s]" when he returned to work and that he might need additional intermittent days off to be completely evaluated. *Id.* The agency determined that

the letter was administratively acceptable to support his absence from February 29 through March 11, 2016, and approved his application for FMLA leave for that period. *Id.* at 79, 85. However, for the period from January 25 through February 26, 2016, the agency changed the appellant's provisional grant of FMLA leave to AWOL. *Id.* at 85.

¶9    The agency then proposed the appellant's removal based on charges of AWOL and unprofessional conduct. *Id.* at 83-88. The latter charge pertained to his abruptly terminating the March 7, 2016 telephone call with his supervisor. *Id.* at 83. The agency removed the appellant, and he filed this Board appeal. *Id.* at 95-98; IAF, Tab 1. He did not request a hearing. IAF, Tab 1 at 1. During the proceeding before the administrative judge, the appellant did not dispute the substance of the charges, and instead he raised whistleblower retaliation as an affirmative defense. *Id.* at 2; IAF, Tab 9. He also claimed harassment and harmful procedural error in the agency's decision to remove him, but as the administrative judge explained, the appellant did not specify the procedural defect or the allegedly harassing actions related to his removal.[2]   IAF, Tab 1 at 2; Tab 12, Initial Decision (ID) at 9.

¶10    The administrative judge sustained both charges, found that the agency established nexus, and determined that the penalty was reasonable. ID at 11-19. The administrative judge also found that the appellant failed to prove his affirmative defenses of harmful procedural error and retaliation for whistleblowing. ID at 19-22.

---

[2] The appellant's harassment claim appears related to the agency's requirement that he present administratively acceptable medical documentation supporting his request for FMLA leave, IAF, Tab 5 at 37, and also to his disagreements with agency officials regarding earlier leave requests, IAF, Tab 9 at 68-79. The appellant does not specifically assert harassment or harmful procedural error on review.

**ANALYSIS**

<u>The administrative judge correctly concluded that the agency met its burden of proof as to the charges.</u>

¶11    On review, the appellant asserts that the administrative judge erroneously applied the law to the facts of this case and reached incorrect conclusions. Petition for Review (PFR) File, Tab 1 at 6-7; 5 C.F.R. § 1201.115(b). He also asserts that the administrative judge should have found that he submitted sufficient medical documentation to justify granting his FMLA leave request. PFR File, Tab 1 at 6-7.[3]

¶12    We have reviewed the administrative judge's analysis and conclude that he correctly found that the agency met its burden to prove by preponderant evidence the charges of AWOL and unprofessional conduct. ID at 10, 11-17; *see* 5 C.F.R. § 1201.56(b)(1)(ii). At the outset, we note that the administrative judge correctly indicated that the appellant did not deny the misconduct underlying the removal action. ID at 10. The record reflects that the agency gave the appellant multiple opportunities in which to present administratively acceptable medical documentation, including two opportunities after he invoked the right to take leave under the FMLA. IAF, Tab 5 at 36-49, 63-64, 66-70, 72-74, 77-79, 83-85. Although he ultimately presented documentation that supported his FMLA leave request for the latter part of his absence, he failed to present documentation supporting his leave request for January 25 through February 26, 2016. *Id.* at 78-79, 85.

¶13    When an employee requests leave to cover his absences, an AWOL charge will be sustained only if the agency establishes that his requests were properly denied. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 (2015), *overruled on other grounds by Pridgen v. Office of Management and Budget*,

---

[3] On review, the appellant does not challenge the administrative judge's determination that the agency proved the second charge of unprofessional conduct, ID at 15-17, and we find no reason to disturb that finding.

2022 MSPB 31, ¶¶ 23-25.  The agency may require an employee who requests FMLA leave to provide administratively acceptable documentation supporting the request.  5 U.S.C. § 6383(a); 5 C.F.R. § 630.1208.  Such documentation must include the following:  (1) the date the serious health condition commenced; (2) the probable duration of the serious health condition, or a statement specifying that the serious health condition is a chronic or continuing condition with an unknown duration, whether the patient is presently incapacitated, and the likely duration and frequency of episodes of incapacity; and (3) the appropriate medical facts within the knowledge of the health care provider regarding the serious health condition, including a general statement as to the incapacitation, examination, or treatment that may be required by a health care provider. 5 C.F.R. § 630.1208(b)(1)-(3).  Documentation that fails to inform the agency of such information is administratively insufficient to support a request for medical leave.  *Lawley v. Department of the Treasury*, 84 M.S.P.R. 253, ¶ 23 (1999). Here, we find that the appellant's documentation did not provide sufficient information to support his absences prior to February 29, 2016.  We thus agree with the administrative judge that the agency proved the charge of AWOL for a period of approximately 4 weeks from January 25 through February 26, 2016. IAF, Tab 5 at 85.

The administrative judge correctly found that the appellant failed to prove his allegation of whistleblowing.

¶14    On review, the appellant asserts that the administrative judge failed to recognize the pattern of whistleblowing retaliation that predated the events immediately leading to his removal.  PFR File, Tab 1 at 6.  The agency's retaliatory actions, he alleges, include changing his telework schedule, transferring him to Philadelphia, and denying his leave requests.  *Id.*; IAF, Tab 9 at 13-15.  As for the appellant's whistleblowing claim, he stated that his first alleged disclosure pertained to a suggestion he made to the agency's telework coordinator in November 2014 regarding ways in which the agency could improve

its telework readiness reporting information. IAF, Tab 9 at 5, 20-25. His suggestions were forwarded to the appropriate personnel but were not adopted. *Id.* at 5. A few days later, his then-supervisor denied his request for an additional telework day each week, and he also received notice that he was no longer eligible for situational telework. *Id.* at 5-6, 29-31. At the time, he worked at Fort Belvoir, Virginia, but telecommuted from his family home in Philadelphia, Pennsylvania, on Mondays and Fridays. *Id.* at 5-6. The supervisor advised the appellant that he could transfer to a position in Philadelphia and he did so. *Id.* at 6. Several weeks after the transfer, the appellant came under new second-level supervision. *Id.* at 7-8; IAF, Tab 11 at 7. Thereafter, he alleged, the agency retaliated against him because of this and other disclosures when his new second-level supervisor denied his leave requests and rescinded his existing situational telework agreement. IAF, Tab 9 at 9-11, 13-15, 65-79.

¶15    The appellant's second alleged disclosure concerned his assessment of the agency's audit readiness efforts regarding the Vendor Managed Inventory (VMI). *Id.* at 7-9, Attachment D. The appellant alleged to have made this disclosure to various agency officials between January and March 2015, including his new second-level supervisor.[4] *Id.*; IAF, Tab 11 at 7-10. The agency contended that the appellant's assessment was neither new nor controversial and that it did not reveal any potentially embarrassing information about agency operations and systems. IAF, Tab 11 at 8-9.

¶16    The administrative judge found that the appellant's first alleged disclosure amounted to discussing generally a proposed policy that the agency rejected in favor of an existing policy. ID at 21-22. As for the second alleged disclosure, the administrative judge found that the appellant could not have reasonably believed he was disclosing information within one of the categories of

---

[4] The second-level supervisor was unable to determine if she had received this item when the appellant claimed to have sent it. IAF, Tab 11 at 7.

wrongdoing set forth in the statute. ID at 22; *see* 5 U.S.C. § 2302(b)(8). The administrative judge thus found that the appellant did not make a protected disclosure under the statute. ID at 20-22.

¶17    We agree with the administrative judge's findings. The appellant, by proposing a new policy about potentially improving telework reporting information and a new plan dealing with assessing the agency's audit readiness efforts concerning the VMI section of the agency's inventory reconciliation effort, seemed dissatisfied with the agency's existing policies and/or plans on those issues. However, his purely subjective allegations of wrongdoing are insufficient to constitute a reasonable belief that the agency official's actions here regarding those policies and/or plans represent an abuse of authority, gross mismanagement, a gross waste of funds, or a violation of law, rule, or regulation. *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999); *see Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015) (holding that vague, conclusory, and unsupported allegations do not satisfy the Board's nonfrivolous pleading standard). When, as here, an alleged whistleblower is merely expressing disagreement with fairly debatable policy decisions, or decisions plainly within managerial discretion, his disclosures do not fall within those defined as protected under 5 U.S.C. § 2302(b)(8). *Cf. O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 14 (2013) (holding that the appellant's alleged protected disclosure was "exactly the type of fairly debatable policy dispute that does not constitute whistleblowing"), *aff'd*, 561 F. App'x 926 (Fed. Cir. 2014).[5]

The Board will not consider the appellant's new argument on review.

¶18    The appellant does not challenge on review the administrative judge's finding that he failed to make protected disclosures. Instead, the appellant asserts

---

[5] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

that he is providing new and material evidence, which he alleges shows that he made an additional disclosure or disclosures as early as April 2012 of which the deciding official was aware.  PFR File, Tab 1 at 7; *see* 5 C.F.R. § 1201.115(d).  The appellant alleges that these disclosures would have embarrassed the agency and, because he made them, his immediate supervisors were transferred to other positions, and he was placed under a new second-level supervisor.  PFR File, Tab 1 at 8-9.  He asserts that his new second-level supervisor "was then allowed to retaliate and [harass him] leading to his dismissal" and to prevent him from making further disclosures to the agency Inspector General.  *Id.*

¶19    The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The materials that the appellant submitted on review include email messages dated between March 13, 2012, and March 27, 2014; a memorandum entitled "SITREP for Audit Readiness Support," dated September 3, 2015; an undated organizational chart; and an undated outline labeled "Found in March."  PFR File, Tab 1 at 14-30.  These documents appear to pertain to an earlier disclosure or disclosures that the appellant did not raise below during the proceedings before the administrative judge.  *Id.* at 7-11.  All of these items predate the July 7, 2016 close of the record.  IAF, Tab 7 at 1.  The appellant has not alleged that they were unavailable to him despite his due diligence before the record closed, and indeed, he originated or received the email messages he submitted with his petition for review.  PFR File, Tab 1 at 14-20.  We thus decline to consider his new argument and evidence on review.[6]

_____

[6] Additionally, the appellant submitted on review a partial copy of a pleading he filed while this appeal was pending before the administrative judge.  *Compare* PFR File, Tab 1 at 31-44, *with* IAF, Tab 9 at 4-18.  The Board does not consider such submissions

<u>The administrative judge properly determined that the penalty of removal was warranted and promotes the efficiency of the service.</u>

¶20    Finally, the appellant argues that the administrative judge "abused his discretion in deciding in favor of the agency" and in determining that removal was an appropriate penalty.  PFR File, Tab 1.

¶21    Generally, choosing a penalty for employee misconduct is left to the agency's discretion.  *Lachance v. Devall*, 178 F.3d 1246, 1251-52 (Fed. Cir. 1999).  The Board lacks the authority to determine what penalty the agency should have selected.  Instead, the Board must assess if the agency balanced the relevant *Douglas* factors[7] and selected a penalty that was within the "bounds of reasonableness."  *Hayes v. Department of the Navy*, 727 F.2d 1535, 1540 (Fed. Cir. 1984).  The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness.  *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

¶22    In sustaining the removal, the administrative judge noted that the deciding official appropriately considered all of the *Douglas* factors in assessing which penalty to impose.  ID at 18.  The administrative judge reviewed the circumstances of the four comparators, and noted that the agency removed two employees for shorter periods of AWOL than the amount of AWOL accrued by the appellant and gave lesser penalties to two employees who had substantially less AWOL than the appellant and that, as to one of those employees, he had no prior disciplinary record, unlike the appellant.  ID at 18-19.  The administrative judge concluded that removal was justified here, particularly given that the Board

to be new evidence.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (holding that evidence that is already a part of the record is not new).

[7] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board identified factors that are relevant to consider in determining the appropriateness of a penalty.

has consistently upheld removals for absences as long as the appellant's. ID at 19. We find that, because the agency considered and balanced all of the relevant *Douglas* factors, the administrative judge did not err in finding that the removal penalty was reasonable. Given the totality of the circumstances, we find that the administrative judge did not abuse his discretion in affirming the appellant's removal for the sustained misconduct.

¶23    Accordingly, for the foregoing reasons, we affirm the administrative judge's initial decision.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.